**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A. | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 6:12-CV-463 |
| v. | § | **JURY TRIAL DEMANDED** |
| ELECTRONIC ARTS INC., | § | |
| Defendant. | § | |

**PLAINTIFFS' OPPOSITION TO ELECTRONIC ARTS INC.'S MOTION**
**TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

A. Uniloc Has Strong Ties To The Eastern District of Texas ........................................1

B. Google Should Not Factor Into The Court's Transfer Analysis ................................2

II. LEGAL STANDARD......................................................................................................3

III. ARGUMENTS AND AUTHORITIES.................................................................................4

A. The Threshold Inquiry Is Satisfied ...............................................................................4

B. The Private Interest Factors Do Not Favor Transfer .................................................5

i. Availability of compulsory process is neutral ...............................................5

ii. Access to sources of proof is neutral ............................................................8

iii. The cost of attendance for witnesses is neutral .............................................9

iv. The presence of practical problems is neutral .............................................12

C. The Public Interest Factors Do Not Favor Transfer.................................................13

i. Both districts have an interest in deciding this dispute................................13

ii. The administrative difficulties resulting from court congestion weigh against transfer .........................................................................................13

iii. Familiarity with applicable law is neutral ...................................................13

iv. There are no conflict of laws issues...........................................................13

IV. CONCLUSION...........................................................................................................14

**TABLE OF AUTHORITIES**

**CASES**

*Advanced Display Sys. v. Kent State Univ.*,
212 F.3d 1272 (Fed. Cir. 2000)....7

*Azure Networks, LLC v. CSR PLC*,
No. 6:11-cv-139, 2012 U.S. Dist. LEXIS 114497 (E.D. Tex. June 25, 2012) ....5, 11

*Balthasar Online, Inc. v. Network Solutions, LLC*,
654 F. Supp. 2d 546 (E.D. Tex. 2009)....12

*BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*,
No. 3-08-cv-1779-L, 2009 U.S. Dist. LEXIS 28146 (N.D. Tex. Apr. 3, 2009) ....8

*Consol. Work Station Computing, LLC v. Dell Inc.*,
No. 6:10-cv-620, 2011 U.S. Dist. LEXIS 133916 (E.D. Tex. Sept. 28, 2011)....13

*Eidos Display, LLC v. AU Optronics Corp.*,
No. 6:11-cv-201, 2011 U.S. Dist. LEXIS 155936 (E. D. Tex. Dec. 21, 2011) ....3

*Eolas Tech Inc. v. Adobe Sys., Inc.*,
No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010)....9

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
No. 2:10-cv-488, 2010 U.S. Dist. LEXIS 9545 (E.D. Tex. Jan. 9, 2012) ....12

*Gellman v. ADT Sec. Servs.*,
No. 2:07-cv-0282, 2008 U.S. Dist. LEXIS 70398 (E.D. Tex. Sept. 10, 2008)....6, 7

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir.2009)....8, 10

*In re Hoffmann-La Roche, Inc.*,
587 F. 3d 1333 (Fed. Cir. 2009) ....5

*In re HTC Corp.*,
Misc. Dkt. No. 130, 2012 U.S. App. LEXIS 19948 (Fed. Cir. Sept. 20, 2012) ....2

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009) ....4

*In re TS Tech. United States Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) ....4, 8, 10

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ....................................................................4, 9, 10

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ......................................................................3, 4, 5, 8

*Invitrogen Corp. v. GE*,
No. 6:08-cv-112, 2009 U.S. Dist. LEXIS 9127 (E.D. Tex. Feb. 9, 2009)...........................8

*Lear Corp. v. TS Tech USA Corp.*,
No. 2:07-cv-406, 2008 U.S. Dist. LEXIS 105072 (E.D. Tex. Sept. 10, 2008)................6, 7

*MobileMedia Ideas LLC v. HTC Corp.*,
No. 2:10-CV-112-JRG, 2012 U.S. Dist. LEXIS 62153 (E.D. Tex. May 3, 2012) ..........2, 3

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
No. 6:11-cv-495, 2012 U.S. Dist. LEXIS 112757 (E.D. Tex. Aug. 10, 2012) .................12

*Odom v. Microsoft Corp.*,
596 F. Supp. 2d 995 *(*E.D. Tex. 2009).......................................................................8

*Sybase, Inc. v. Vertica Sys.*,
No. 608-cv-24, 2008 U.S. Dist. LEXIS 44860 (E.D. Tex. June 9, 2008)............................7

*Texas Data Co., LLC v. Target Brands, Inc.*,
771 F. Supp. 2d 630 (E.D. Tex. 2011)........................................................................5

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 69536 (E.D. Tex. July 13, 2010) ......12, 13

*Uniloc USA, Inc. v. Sony Corp. of Am.*,
Nos. 6:10-CV-373, 6:10-CV-471, 6:10-CV-472, 6:10-CV-636, 2011 U.S. Dist. LEXIS 155927 (E.D. Tex. Sept. 20, 2011) ...........................................................................1

*Van Dusen v. Barack*,
376 U.S. 612 (1964)....................................................................................................3

*Vargas v. Seamar Divers Int'l.*,
No. 2:10-cv-178-TJW, 2011 U.S. Dist. LEXIS 54386 (E.D. Tex. May 20, 2011) .........6, 7

*Ventronics Sys., LLC v. Drager Med. GmbH*,
No. 6:10-cv-582, 2011 U.S. Dist. LEXIS 154793 (E.D. Tex. Oct. 20, 2011).....................5

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (together "Uniloc"), respectfully submit this Opposition to Electronic Arts Inc.'s ("EA") Motion to Transfer Venue to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1401(a). For the reasons set forth herein, EA's Motion should be denied.

## I. INTRODUCTION

### A. Uniloc Has Strong Ties To The Eastern District of Texas

EA repeatedly and incorrectly asserts that "Uniloc is a California-based company with no connections to Texas," no "operations in Texas," and "no employees in Texas." Motion, p. 2. EA is wrong. As this Court has previously recognized, while Uniloc "was a Rhode Island corporation until 2010, when it reorganized as a Texas corporation," Uniloc "has maintained a place of business within this District since 2007." *Uniloc USA, Inc. v. Sony Corp. of Am.*, Nos. 6:10-CV-373[1], 6:10-CV-471, 6:10-CV-472, 6:10-CV-636, 2011 U.S. Dist. LEXIS 155927, at *11 (E.D. Tex. Sept. 20, 2011); *see also* Burdick Decl., ¶¶ 3-7; Kowalec Decl., ¶¶ 3-7. Since that time, Uniloc has moved its corporate headquarters to Plano, Texas, which is in the Eastern District and shut down all operations at its previous headquarters in Irvine, California. Kowalec Decl., ¶ 6. Importantly, several full-time employees and principals work in Uniloc's Plano headquarters, including, Sean Burdick (Patent Counsel and Corporate Officer) and Matt Kowalec (CFO). Burdick Decl., ¶ 8; Kowalec Decl., ¶ 8. Thus, EA's contention that Uniloc is a legal fiction is contrary to this Court's previous holdings and not supported by the facts.

[1] Uniloc notes that EA's lead counsel was also counsel for Defendant Activision Blizzard in a prior case filed by Uniloc in this District. Activision joined in a motion to transfer venue, which the Court ultimately denied. Therefore, EA's counsel should have been aware of this Court's previous findings concerning Uniloc's ties to Eastern District. See Case No. 6:10-cv-00373, Dkt. No. 104, (E.D. Tex. Feb. 17, 2011) (see signature block on Defendants' Response to Uniloc's Sur-reply in Support of Their Motion to Transfer). Hartsell Decl., Exh. A at p. 3.

**B. Google Should Not Factor into the Court's Transfer Analysis**

EA's justification for transfer appears to be based primarily on Google's presence in the NDCA. According to EA, transfer is warranted because Uniloc is accusing "Android-based applications [that use] Google Play licensing to perform Digital Rights Management." Motion, p. 3. However, Uniloc's Complaint actually accuses EA of infringing by "making, using, offering for sale, selling and/or importing Android-based applications for use on cellular phones and/or tablet devices that require communication with a server to perform a license check to prevent the unauthorized use of said application . . . ." Dkt. No. 1, ¶ 12. While it is true that Uniloc believes EA uses Google License Play, as EA admits, Google License Play is a free application that is available to developers and may be incorporated into Android applications. Motion, p. 3. That EA may have borrowed code from Google or other sources is of no consequence. Uniloc is asserting infringement based on the operation of EA's products, and particularly the source code contained in those products. Uniloc is not accusing Google of infringement.

In *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112-JRG, 2012 U.S. Dist. LEXIS 62153, at *14 (E.D. Tex. May 3, 2012), HTC argued that transfer to the NDCA was warranted because "the Android operating system will be relevant to this lawsuit and therefore argues that Google, the designer of such operating system, will be a significant source of proof in this case." In denying transfer, the Court concluded that there were no facts supporting HTC's contention that Google had relevant documents, as evidenced by the lack of subpoenas for any Google documents or witness testimony. *Id*. at *15-18; *see also In re HTC Corp.*, Misc. Dkt. No. 130, 2012 U.S. App. LEXIS 19948, at *5 (Fed. Cir. Sept. 20, 2012) (affirming denial of transfer noting "[a]lthough the petitioners point out that Google is headquartered in the Northern District of California and is relevant to the design and manufacture of the accused products, there is at

least some indication that Google will have little or no role in the litigation, as Google has not been subpoenaed for the production of documents and none of its employees have been subpoenaed for deposition.").

As in *MobileMedia*, no subpoenas have issued for Google documents or witness testimony. Claim 107 of the '067 Patent, the only asserted claim, is directed to "Computer code executable on an electronic device to prevent unauthorized access to electronic data stored on the electronic device, the computer code comprising . . . ." See Dkt. No. 1-2 at Col. 25:19-31. The most relevant source of proof in this case will be EA's code. To the extent EA has incorporated code from third parties into its products, such code is in EA's possession and can be produced in discovery. Since the operation of EA's code will be the central issue in this litigation, any attempt to use Google as a basis for transfer should be rejected, especially considering EA's Motion fails to identify any specific relevant Google evidence.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Eidos Display, LLC v. AU Optronics Corp.*, No. 6:11cv201 LED-JDL, 2011 U.S. Dist. LEXIS 155936, at *5 (E.D. Tex. Dec. 21, 2011) (citing *Van Dusen v. Barack*, 376 U.S. 612, 616 (1964)). While it is within a district court's sound discretion to transfer venue, the court must evaluate the particular circumstances, and the party seeking transfer must show good cause, demonstrating that the transferee venue is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*In re Volkswagen II*").

The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). Once that threshold inquiry is met, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign laws. *Id.*

A plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II,* 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the proposed transferee venue is "clearly more convenient" than the current transferor venue. *Id*. at 315; *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re TS Tech United States Corp*., 551 F.3d 1315, 1320 (Fed. Cir. 2008). Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

## III. ARGUMENTS AND AUTHORITIES

### A. The Threshold Inquiry Is Satisfied

Uniloc admits that this case could have been brought in the NDCA.

**B. The Private Interest Factors Do Not Favor Transfer**

**i.** *Availability of compulsory process is neutral*

"This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue." *Ventronics Sys., LLC v. Drager Med. GmbH*, No. 6:10-CV-582, 2011 U.S. Dist. LEXIS 154793, at *12 (E.D. Tex. Oct. 20, 2011) (citing *In re Volkswagen II*, 545 F.3d at 316). "Defendants bear the burden of identifying unwilling third-party witnesses that would benefit from the transfer." *Azure Networks, LLC v. CSR PLC*, No. 6:11cv139 LED-JDL, 2012 U.S. Dist. LEXIS 114497, at *23 (E.D. Tex. June 25, 2012); *see also Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011) (noting that *In re Volkswagen II* is based on the Supreme Court's *Gilbert* factors, which, in pertinent part, are designed to consider the attendance of the *unwilling*). This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *In re Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

1. <u>Bejeweled 2 Developers</u>

EA only identifies Nigel Birkenshaw of Quebec, Canada and Anatha Boyapalle of Los Angeles, California (in the Central District of California) as responsible for the "research, design, development and maintenance of interface and software for Bejeweled 2." Singh Decl. (Dkt. No. 18-1), ¶ 2. Though it is not clear from EA's Motion, it is believed that both of these individuals are current EA employees, not third party witnesses. Regardless, neither resides in the NDCA and Mr. Birkenshaw appears to be outside the subpoena power of any U.S. Federal Court.

2. <u>Google Employees</u>

EA's Motion also identifies Christopher J. Pruett and Daniel A Galpin. Motion, p. 6. While EA says it "worked with Chris Pruett…regarding Google Play Licensing," EA provides

no information concerning Mr. Pruett's involvement with the accused instrumentality, why his testimony might be relevant, or demonstrate that he would be unwilling to travel to Texas. *See Lear Corp. v. TS Tech USA Corp*., No. 2:07-CV-406, 2008 U.S. Dist. LEXIS 105072, at *5 (E.D. Tex. Sept. 10, 2008) ("The moving party must 'specifically identify key witnesses and outline the substance of their testimony.'") (citations omitted); *Gellman v. ADT Sec. Servs.*, No. 2:07-CV-0282, 2008 U.S. Dist. LEXIS 70398, at *11 (E.D. Tex. Sept. 10, 2008) ("[Defendant] fails to specifically identify key non-party witnesses, outline the substance of their testimony, and show that these witnesses would either be unwilling to travel or inconvenienced by traveling to Texas. In the court's view, the convenience of non-party witnesses [is] neutral as to transfer."); *Vargas v. Seamar Divers Int'l*, No. 2:10-CV-178-TJW, 2011 U.S. Dist. LEXIS 54386, at *9 (E.D. Tex. May 20, 2011) (observing that while "parties are not required to provide affidavits from every potential witness indicating what specific testimony they might offer . . . evidence from the parties or their attorneys identifying potential witnesses *and the subjects on which they are expected to testify* is precisely the type of evidence that this Court expects with regard to a motion to transfer under section 1404(a)." (emphasis added)). Uniloc also notes that, according to EA's Initial Disclosures, Mr. Pruett is no longer a Google employee. Hartsell Decl., Exh. O, p. 4 at ¶ 8.

As for Mr. Galpin, EA provides no information regarding his potential relevancy as he is not mentioned in EA's Motion. The only reference to Mr. Galpin appears to be in the Bader Declaration, which merely provides an address in Santa Cruz, California. Bader Decl. (Dkt. No. 18-4), ¶ 6. Further, Mr. Galpin does not appear in EA's Initial Disclosures. See Hartsell Decl., Exh. O. More is needed to justify transfer other than the fact that the people live in the proposed transferee district.

3. Inventors of Alleged Prior Art

EA also relies on the location of inventors of certain alleged prior art patents, specifically United States Patent Nos. 5,790,664 ("the '664 patent") and 5,910,987 ("the '987 patent"). Motion, p. 3. However, to the extent EA intends to use these references as anticipatory prior art under 35 U.S.C. § 102, only the patents themselves are necessary, not inventor testimony. *See Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently . . . ."). That some these individuals appear to fortuitously live in the NDCA should not favor transfer without a concrete showing of why their testimony would be relevant. *See Lear Corp.*, 2008 U.S. Dist. LEXIS 105072, at *5; *Gellman*, 2008 U.S. Dist. LEXIS 70398, at *11; *Vargas*, 2011 U.S. Dist. LEXIS 54386, at *9.

4. Uniloc's Third Party Witnesses

The inventor of the patent-in-suit, Martin S. Edelman, resides outside Atlanta, Georgia. Edelman Decl., ¶¶ 2-3. Thus, he is not within the subpoena power of the NDCA. However, Mr. Edelman has agreed to make himself available for trial in Tyler, Texas. Edelman Decl., ¶¶ 4-7. *See Sybase, Inc. v. Vertica Sys.*, No. 608-CV-24, 2008 U.S. Dist. LEXIS 44860, at *6-7 (E.D. Tex. June 9, 2008) (finding that an inventor's willingness to appear in the Eastern District did not favor transfer).

Likewise, Alan Mintzer of Freehold, New Jersey, President of Global Technologies Holdings, Inc., the former owner of the '067 Patent, has also agreed to appear at trial in this District, if necessary. See Mintzer Decl., ¶¶ 1-7. Mr. Mintzer is believed to have information concerning the assignment of the '067 Patent, as well as knowledge concerning early attempts to commercialize the '067 Patent.

***ii. Access to sources of proof is neutral***

1. <u>EA's Sources of Proof are not in the NDCA</u>

EA admits that its documents are not located in NDCA, rather they are located in Los Angeles, California (with Mr. Boyapalle), Quebec, Canada (with Mr. Birkenshaw) and the rest in Seattle, Washington. Singh Decl., ¶¶ 3, 7. "The place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, in this case, EA has presented evidence that none of its documents are maintained in the NDCA.

In *In re Volkswagen II* the Fifth Circuit focused on the fact that "[a]ll of the documents and *physical evidence*" were located in the proposed transferee district. *In re Volkswagen II*, 545 F.3d at 316 (emphasis added); *see also Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1000 *(*E.D. Tex. 2009) (noting the Federal Circuit's *TS Tech* opinion "emphasiz[ed] the physical nature of the evidence at issue..."). EA's motion does not contend that transfer of any physical evidence will be necessary. Rather, the most relevant evidence will be source code, which is electronic in nature. Other courts have recognized that "[m]ost relevant documents can be exchanged electronically, making the physical location of the documents of lesser consequence." *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, No. 3-08-CV-1779-L, 2009 U.S. Dist. LEXIS 28146, *14 (N.D. Tex. Apr. 3, 2009) (quotation and citation omitted). Since EA has failed to identify any physical evidence, this factor does not favor transfer. *See Invitrogen Corp. v. GE*, No. 6:08-CV-112, 2009 U.S. Dist. LEXIS 9127, at *8 (E.D. Tex. Feb. 9, 2009) (finding the sources of proof factor neutral where "other than generally referring to documents, they have not identified any specific evidence, physical or otherwise. These general statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties.").

2. Google does not Maintain the Code in EA's Accused Products

For the reasons set forth above in Section I(B), Uniloc contends that Google should not be a consideration in the Court's analysis. To the extent EA is arguing that the code that it sourced from Google and incorporated into its products is located in the NDCA, such an argument should carry little weight. Uniloc has accused EA of infringement based on the operation of the code in its products. It is likely that the borrowed Google code would have been altered once incorporated by EA. Regardless, there is no evidence in EA's Motion that Google maintains a copy of the code as found in EA's accused products, which will be central to determining infringement.

3. GraphOn and InterTrust

EA speculates that two companies, GraphOn and InterTrust, "likely" have documents pertaining to certain unnamed alleged prior art systems. This speculation appears to be based on the fact that these two companies are the current owners of two alleged prior art patents. However, EA has presented no evidence that any prior art systems based on the patents exist, much less what relevant evidence is in the possession of GraphOn or InterTrust. More than guessing is required for EA to carry its burden of showing the NDCA is a clearly more convenient venue.

4. Uniloc's Documents are in this District

Uniloc's documents related to this litigation are maintained in this District, including those related to prosecution, assignment, and the provisional application. Burdick Decl., ¶ 10.

**iii. *The cost of attendance for witnesses is neutral***

This factor is analyzed giving broad "consideration to the parties and witnesses in all claims and controversies joined in a proceeding." *Eolas Tech Inc. v. Adobe Sys, Inc.*, No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 104125, at *24 (E.D. Tex Sept. 28, 2010) (citing *In re*

*Volkswagen I*, 371 F.3d at 204). "All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial." *Id*. (citing *In re Genentech*, 566 F.3d at 1343). The Court considers not only the convenience of defendant's witnesses, but also the convenience of the plaintiff's witnesses. *See id.* at *24. Further, "[b]ecause it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech*, 551 F.3d at 1320 (internal citations omitted).

1. Party Witnesses

EA has only identified Mr. Boyapalle in Los Angeles and Mr. Birkenshaw in Quebec. The NDCA is probably more convenient for Mr. Boyapalle because it is ~382 miles from Los Angeles to the Federal Courthouse in San Francisco, instead of ~1,534 miles to the Tyler Courthouse. Hartsell Decl., Exhs. B and C. However, that is not so for Mr. Birkenshaw, who, according to his Linkedin profile, resides in Montreal, Canada. Hartsell Decl., Exh. D. The distance from Montreal to the Tyler Courthouse is ~1,695 miles, whereas the distance from Montreal to the Federal Courthouse in San Francisco is ~2,964 miles. Hartsell Decl., Exhs. E and F. Thus, the distance Mr. Birkenshaw would have to travel for trial would be considerably less (~1,300 miles) if the case remained in Tyler.

Mr. Burdick is believed to have information concerning Uniloc's infringement theories and the acquisition of the '067 Patent. Burdick Decl., ¶ 9. Mr. Kowalec is believed to have information regarding Uniloc's licensing, royalties and knowledge concerning the relationship

between Uniloc USA, Inc. and Uniloc Luxembourg S.A. Kowalec Decl., ¶ 9. If this case were transferred, Uniloc's employees, such as Messrs. Burdick and Kowalec, would each have to travel ~1,720 miles from Uniloc's headquarters in Plano, Texas to the Federal Courthouse in San Francisco. Hartsell Decl., Exh. G. As it stands, this factor is fairly neutral as it pertains to party witnesses.

2. Non-Party Witnesses

Uniloc has identified non-party witnesses on the East Coast who would be significantly inconvenienced if this matter were transferred to the NDCA. Mr. Mintzer (in Freehold, New Jersey) has knowledge concerning the assignment of the patent in connection with his position as President of Global Technologies Holdings, Inc. – the former assignee of the '067 patent. Mintzer Decl., ¶¶ 2-3. Also, he is likely to have information related to early commercialization efforts regarding the '067 patent. Mr. Mintzer, it is ~1,481 miles from the Tyler Courthouse, as opposed to ~2,933 miles from the San Francisco Courthouse. Hartsell Decl., Exhs. H and I.

Mr. Edelman is the named inventor of the '067 Patent and currently resides in Marietta, Georgia. Edelman Decl., ¶¶ 2-3. Mr. Edelman is ~703 miles from the Tyler Courthouse, as opposed to ~2,482 miles from the San Francisco Courthouse. Hartsell Decl., Exhs. J and K. The convenience of Mr. Edelman and Mr. Mintzer is a greater consideration than EA's employees. *Azure Networks*, 2012 U.S. Dist. LEXIS 114497, at *27 ("the convenience of non-party witnesses is given greater weight than that of party witnesses.").

In addition, the law firm of Fitzpatrick Cella Harper & Scinto located in New York prosecuted the '067 Patent. Two of the attorneys that participated in the prosecution, Joseph W. Ragusa and Carl B. Wischhusen, are both located in New York. Hartsell Decl., Exhs. L and M. To the extent they are required to participate at trial, it is significantly further for them to travel to the NDCA than this District.

### iv. *The presence of practical problems is neutral*

Neither the *Macrovision* or *Sureloc* matters identified by EA have any bearing on the Court's analysis because neither involved the patent-in-suit. Therefore, there is no judicial economy for the Court to consider with respect to the NDCA and the '067 Patent.

EA's reliance on *Balthasar Online, Inc. v. Network Solutions, LLC,* 654 F. Supp. 2d 546 (E.D. Tex. 2009), is misplaced because in *Balthasar* the Court granted transfer where all of the defendants agreed to go to the NDCA, which was also where the plaintiff's "headquarters and only 'location'" was. *Id*. at 552. The present matter is distinguishable because, as discussed above, Uniloc is a Texas corporation located and headquartered in this District.

EA also relies on *U.S. Ethernet Innovations, LLC v. Acer, Inc*., No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 69536 (E.D. Tex. July 13, 2010) and *Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 2:10-cv-488, 2010 U.S. Dist. LEXIS 9545 (E.D. Tex. Jan. 9, 2012) arguing that transfer is warranted when requested by related defendants. Both cases are pre-AIA cases involving multiple defendants in a single suit where the Court would balance the relevant factors of the patent holder against all of the defendants collectively. However, since the enactment of the AIA, this Court has adopted new case management procedures and has stated that the § 1404(a) factors will be considered only as to the parties in a given case, not collectively across related cases. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495, 2012 U.S. Dist. LEXIS 112757, at *17-18 (E.D. Tex. Aug. 10, 2012).

## C. The Public Interest Factors Do Not Favor Transfer

### i. *Both districts have an interest in deciding this dispute*

As discussed above, Uniloc has strong ties to this District because it is a Texas corporation headquartered in this District. Burdick Decl., ¶¶ 3-7; Kowalec Decl., ¶¶ 3-7. As such, both this District and the NDCA have an interest in this dispute. Thus, this factor is

neutral. *See Consol. Work Station Computing, LLC v. Dell Inc.*, No. 6:10-CV-620, 2011 U.S. Dist. LEXIS 133916, at *15 (E.D. Tex. Sept. 28, 2011) ("The Court finds that this factor is neutral because both districts have a connection to this case.").

**ii. *The administrative difficulties resulting from court congestion weigh against transfer***

According to the 2012 Patent Litigation Study by Price Waterhouse Coopers, LLP, the median time to trial in this District is 2.17 years, whereas it is 2.72 years in the NDCA. Hartsell Decl., Exh. N at p. 22. Thus, this factor counsels against transfer because it would take ~6-7 months longer to get to trial in the NDCA. *See U.S. Ethernet Innovations*, 2010 U.S. Dist. LEXIS 69536, at *34-35 (noting "[t]he Court has previously relied on the cited Price Waterhouse Coopers statistics to support an inference that there is greater docket congestion in the Northern District of California . . . . Where there are no countervailing considerations, the Eastern District's faster time to trial weighs slightly against transfer.").

**iii. *Familiarity with applicable law is neutral***

Both this Court and the NDCA are familiar with U.S. patent law. Thus, this factor is neutral.

**iv. *There are no conflict of laws issues***

Uniloc is not aware of any conflict of laws issues rendering this factor neutral.

## IV. CONCLUSION

For the foregoing reasons, EA has failed to meet its burden of showing that transfer to the Northern District of California is "clearly more convenient" and its Motion should be denied.

**Dated: December 27, 2012**

Respectfully submitted,

/s/ Steven W. Hartsell
Barry J. Bumgardner
Lead Attorney

Texas State Bar No. 00793424
Steven W. Hartsell
Texas State Bar No. 24040199
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

James L. Etheridge
Texas Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Steven W. Hartsell