IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al. )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>ELECTRONIC ARTS, INC., )<br>Defendant. )<br>_____ ) | Civil Action No. 6:12-cv-463-LED |

### DEFENDANT ELECTRONIC ARTS INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

EA's motion to transfer this case to the Northern District of California ("N.D. California") established several critical facts supporting transfer:

- Uniloc could have brought suit in the N.D. California;

- Seven key third party witnesses having information about the accused product or relevant prior art are located in the N.D. California;

- No third party witnesses are located in the Eastern District of Texas ("E.D. Texas");

- EA's witnesses and evidence are located on the west coast and in the N.D. California[1];

- Substantially more witnesses and documents are located in the N.D. California than the E.D. Texas; and

- Uniloc cannot contend that it would be inconvenienced, in any way, by proceeding in the N.D. California.

In its opposition, Uniloc does not event attempt to dispute these facts. Accordingly, EA has demonstrated that the N.D. California is clearly a more convenient and appropriate forum for this

---

[1] In addition, Square Enix, who also joins EA's motion to transfer, identified a witness located in the N.D. California with knowledge of the accused product.

1

action. For the convenience of the parties and witnesses and in the interest of justice, EA requests that the Court transfer this case to the N.D. California.

### A. The Private Interest Factors Favor Transfer to the N.D. California

*1. Compulsory Process Favors Transfer*

Uniloc does not identify a single non-party witness in the E.D. Texas. In contrast, EA has identified a substantial number of key non-party witnesses located in the N.D. California. As Uniloc acknowledges, the N.D. California, not the E.D. Texas, would have absolute subpoena power over these witnesses.

First, Google and its employees who developed and designed the accused technology are located in the N.D. California. Any discovery relating to the development and design of the accused technology will necessarily lead back to Google. Accordingly, the location of this key non-party witness weighs heavily, if not dispositively, in favor of transfer. *Network Protection Sciences, LLC v. Juniper Networks, Inc.*, No., 2012 WL 194382, at 6 (E.D. Tex. Jan. 23, 2012).[2]

Uniloc does not argue that it will not seek discovery from Google regarding the accused technology. Instead, Uniloc relies on *MobileMedia Ideas LLC v. HTC Corp*, No. 2:10-cv-112-JRG, 2012 WL 1570136 (E.D. Tex. May 3, 2012), for the proposition that EA cannot use Google as a basis for transfer. Uniloc's reliance on *MobileMedia* is misplaced. In *MobileMedia*, the court disregarded arguments regarding evidence from non-party Google because discovery had already closed in that case. *Id.* at 5. Moreover, the party requesting transfer was initially headquartered in Houston, Texas but changed its state of incorporation during the pendency of

---

[2] Uniloc's argument that the "proof" will be EA's code, not Google's, is unpersuasive. The digital rights management functionality Uniloc is accusing in its infringement contentions would have been developed and written by Google, not EA. This point is demonstrated by the fact that Uniloc accused the seven moving defendants in the exact same way—by simply using Google technology.

2

its transfer motion. *Id.* at 2. Here, unlike in *MobileMedia*, discovery has just opened rendering non-party witnesses relevant, and none of the defendants have any similar ties to Texas.

Second, numerous prior art witnesses are located in the N.D. California. For example, the inventors and owners of prior art systems and patents, as well as the documents related to those systems, are located in the N.D. California. Contrary to Uniloc's claims otherwise, this Court accords weight to the location of non-party prior art inventors in the transfer analysis. *Droplets, Inc. v. Amazon.com, Inc.*, No. 2:11-cv-392, 2012 WL 3578605, at 4 (E.D. Tex. June 27, 2012).

Finally, the cases cited by Uniloc on the issue of non-party witnesses are unpersuasive. *Lear Corp v. TS Tech USA Corp.*, No. 2:07-cv-406, 2008 WL 6515201 (E.D. Tex. Sept. 10, 2008) (order denying transfer vacated by *In re TS Tech Corp.*, 551 F.3d 1315 (Fed. Cir. 2008)); *Gellman v. ADT Sec. Services, Inc.*, No. 2:07-cv-0282, 2008 WL 4280351, at 4 (E.D. Tex. Sept. 10, 2008) (movant did not <u>identify</u> any non-party witnesses[3]). Further, Uniloc's citation to *Vargas v. Seamar Divers Intern., LLC* actually supports EA's Motion. 2011 WL 1980001, at 3 (E.D. Tex. May 20, 2011). In *Vargas*, the Court granted defendant's motion for transfer based, in part, on the greater number of non-party witnesses residing in the transferee district than those identified by the plaintiff residing in the E.D. Texas. *Id.*

Given the greatest weight in the transfer analysis is placed on the convenience of—and absolute subpoena power of the transferee court over—the seven non-party witnesses, this case should be transferred. *Network Protection Sciences, LLC*, 2012 WL 194382, at 6. In summary, EA's identification of seven key non-party witnesses in the N.D. California coupled with

---

[3] EA not only identified specific non-party witnesses, but also the subjects of testimony for each of the non-party witnesses—namely, development of the accused technology and the prior art.
3

Uniloc's failure to identify a single non-party witness in the E.D. Texas heavily favors transfer. *Id.* at 6.

### 2. Sources of Proof & Cost of Attendance for Willing Witnesses Favor Transfer

Uniloc does not deny that EA is headquartered in the N.D. California. Nor does Uniloc dispute that EA's witnesses and documents regarding the design, development and maintenance of its Bejeweled 2 game are located along the west coast, not in the E.D. Texas. Thus, Uniloc cannot seriously dispute that the N.D. California will be substantially more convenient for EA's witnesses.

While Uniloc may have employees in the E.D. Texas, the relevant witnesses relating to the Asserted Patent are <u>not</u> in Texas—they are in New Jersey (prior owner of the asserted patent) and Georgia (inventor). *Droplets, Inc.*, 2012 WL 3578605, at 5 (plaintiff moved headquarters to the E.D. Texas and CEO worked and lived in Texas for over 30 years did not outweigh the fact that vast majority of <u>relevant</u> witnesses, third party witnesses, and some defendants headquarters in the N.D. California). This factor favors transfer because the potential witnesses in Texas who will be inconvenienced if transfer is granted are outnumbered by the witnesses located in the N.D. California who will be inconvenienced if transfer is *not* granted. *Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*, 2:10-cv-160, 2012 WL 194370, at 4 (E.D. Tex. Jan. 23, 2012).

### 3. All Other Practical Issues Favor Transfer

Uniloc seeks to sidestep two practical considerations to no avail. First, Uniloc contends that its prior litigation activity in California is irrelevant because it did not involve the Asserted Patent.[4] Uniloc's contention misses the point. The fact that Uniloc previously availed itself of California courts demonstrates that transfer to California in this case would not impose any

---

[4] *Uniloc USA, Inc. v. Macrovision Corp.*, No. 8:08-cv-203 (C.D. Cal. Feb. 25, 2008); *Uniloc USA, Inc. v. Sureloc, Inc.*, No. 30-2011-00519541-CU-SL-CXC (Cal. Super. Ct. Orange County, Nov. 3, 2011).

burden on Uniloc. Indeed, when it suited Uniloc, Uniloc has frequently chosen to litigate in California.

Second, Uniloc attempts to discount the fact that a substantial majority of defendants are requesting transfer to the N.D. California. As set forth in EA's motion, this fact favors transfer. *Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-cv-448, 2012 WL 122562, at 2-3 (E.D. Tex. Jan. 9, 2012). Moreover, Uniloc's reliance on *Norman IP Holdings v. Lexmark, et al.* is off target. No. 6:11-cv-495-LED, 2012 WL 3307942, at 4 (E.D. Tex. Aug. 10, 2012). In *Norman*, the Court had previously construed some of the patents at issue. Therefore, the Court elected to defer its consideration of motions to transfer until after claim construction. In short, the reasoning of the *Norman* case does not apply here. These considerations favor transfer.

### B. The Public Interest Factors Favor Transfer to the N.D. California

Uniloc concedes that the N.D. California has a local interest in this case. Moreover, Uniloc agrees with EA that both venues have a familiarity with governing law and no conflict of law issue is present here. In fact, Uniloc's only public interest argument is that E.D. Texas has a slightly faster time-to-trial than the N.D. California. It is well-settled, as this Court has recognized, that this factor is the most speculative and cannot outweigh the numerous other factors favoring transfer. *Droplets, Inc.*, 2012 WL 3578605, at 6. In any event, the small time-to-trial differential does not come close to overcoming EA's overwhelming showing in favor of transfer.

Balancing all the §1404(a) factors in light of the governing case law, the Court should transfer this case to the N.D. California.

DATED:  January 11, 2013                    Respectfully submitted,

                                                                   ERISEIP, P.A.

                                                                   By: /s/ *Megan J. Redmond*
                                                                   Megan J. Redmond (*pro hac vice*)
                                                                   Eric A. Buresh (*pro hac vice*)
                                                                   Caroline A. Bader (*pro hac vice*)
                                                                   ERISE IP, P.A.
                                                                   6201 College Blvd., Suite 300
                                                                   Overland Park, Kansas  66211
                                                                   (913) 777-5600
                                                                   (913) 777-5601 – fax
                                                                   megan.redmond@eriseip.com

                                                                  Melissa R. Smith
                                                                   GILLAM & SMITH, LLP
                                                                   303 South Washington Avenue
                                                                   Marshall, Texas  75670
                                                                   (903) 934-8450
                                                                   (903) 934-9257 – fax
                                                                   Melissa@gillamsmith.com

                                                                   *Attorneys for Defendant Electronic Arts Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via the Court's CM/ECF system this 11th day of January, 2013.

/s/ *Melissa R. Smith*
Melissa R. Smith